IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAXTON RANDALL COOPER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-3963 |
| | : | |
| v. | : | |
| | : | |
| SETH WILLIAMS, Prosecution Office, | : | |
| WARDEN OF THE CFCF COUNT JAIL | : | |
| STATE RD., COMMISSIONER OF | : | |
| COUNTY JAIL CFCF STATE RD., | : | |
| JUDGE GWENDOLYN N. BRIGHT, | : | |
| JOSEPH EVERS, Clerk of Quarter Courts, | : | |
| and ATT. DAINE ARTHUR GREY J. | : | |
| ATTORNEY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                September 16, 2016

Currently before the court are the application to proceed *in forma pauperis* and the proposed complaint filed by a *pro se* plaintiff who is incarcerated in a state correctional institution. While it is difficult to discern the precise claims being asserted here, the plaintiff seems to claim that he is a "sovereign political power holder" and should not be subjected to the laws or procedures applicable to citizens in this state or country. He also appears to argue that the underlying criminal proceedings that resulted in his incarceration were unlawful because of the lack of recognition of this sovereignty. These types of claims are frivolous. Nonetheless, it also appears that the plaintiff has filed at least three prior actions that constitute "strikes" for purposes of 28 U.S.C. § 1915(g), and he not alleged that he was in imminent danger of serious physical injury at the time he filed the complaint. Accordingly, the court will deny the motion to proceed *in forma pauperis*.

### I.     ALLEGATIONS IN THE COMPLAINT

The plaintiff, Braxton Cooper,[1] commenced this action by filing an application to proceed *in forma pauperis* (the "IFP Application") and a proposed form complaint on July 18, 2016.[2] In this form complaint for actions brought under 42 U.S.C. § 1983, the plaintiff names Seth Williams,[3] "Warden CFCF,"[4] "Commissioner CFCF," Judge Gwendolyn N. Bright, Joseph Evers, the "Clerk of Quarter Courts" in Philadelphia, and defense attorney, Daine Arthur Grey, as defendants.  Complaint at 1-2, Doc. No. 1-1.

As for the pertinent allegations, the plaintiff claims that his claims arose "[f]rom 2010 Augest [sic] 4, to Augest [sic] 21, 2015" and that they occurred in "CFCF Count [sic] Jail State RD/ Court of Judge G. Bright (CJC)."  *Id.* at 2.  He states that the underlying facts supporting his claims are as follows:

> I one for ("we the people") stand on Hale v. Henkle [sic].  Sovereign political power Holder, self governing.  A HEBREW in the order of Melchizedek Psalms 110.4 or like high priest forever! See Hebrew, 7, 8, 9, 10.
>
> Judge denied me the right to expatriate from a corporate American rules laws and statutes as well as the county jail, Joseph Evers, and attorney.  I gave the attorney a letter of rogatory to give to prosecution and stated it on recorded [sic] every court date until Aug. 21, 2015.

*Id.* at 3.

---

[1] The plaintiff references his name on the caption as "ENS/LEGIS TRUST BRAXTON RANDALL COOPER MC9188."  This reference to "ENS/LEGIS" appears to relate to the plaintiff's notions of his sovereign citizenship.  The court has excluded this information from the caption because the plaintiff's notions of his sovereign citizenship are frivolous.

[2] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that *pro se* prisoner plaintiff filed complaint on date he signed it).

[3] The plaintiff identifies Seth Williams as the "head prosecutor for Penn."  Compl. at 2.  It appears that the plaintiff is referring to the District Attorney of the City of Philadelphia.

[4] It appears that the plaintiff is referring to the Curran-Fromhold Correctional Facility in the City of Philadelphia.

In addition, in responding to the question as to whether anyone else saw what happened, the plaintiff indicates as follows:

> Notary – witness – Gil Ingrid
> Financing statement authenticated
> Barry Painter expatriation from corporate America into the Almorrocan Almexican nation Moorish national or Hebrew, expatriation act 1864. . . .
> Israelite orginial [sic].

*Id.* When asked to reference his injuries, the plaintiff states:

> Commercial injury/punitive damages $4,000,000.00 Gold [&] silver
> Nominal Damages $10.000 [sic] Gold & silver (mental damage)
>
> I'm not requesting for U.S. Amend rights but these rights were violate [sic] 1st and 9th and 13th if they apply.
>
> A violation under color of state law. <u>Religious freedoms</u> violations to honor my God. <u>Due Process of Law Denial</u>. <u>Equal Protection violation of law</u>.

*Id.* (emphasis in original).

As for whether the plaintiff filed any grievances while incarcerated, he essentially asserts that he filed grievances related to "sovereignty to be free to practice my Hebrew rights. (Hale v. Henkle [sic])." *Id.* at 4. He also alleges that "every officer who knew me new [sic] my religious political status but I did a grievance." *Id.* at 5. He further alleges the following with respect to "additional information that is relevant to the exhaustion of his administrative remedies[:]"

> In the court room, I gave a copy of my expatriation from the corp. U.S. Government in to [sic] the Hebrew or Moorish nation. Not given [sic] up my birthright. (Act of 1868 expatriation) or (1864). I gave them a global rescinding of signature authenticated all peace treaty. Sovereign renunciation, sovereign memorandom [sic] of rights, letter of rogatory for lawyer to pass to prosecution. Waiver of counsel notarized.
>
> <u>Equal Protection of law denial</u>
> (See United States Const. 1st Amend. Commonwealth of P.A. 1 § 3 (RFPA)
> My body was not surety, for this business transaction.

*Id.* at 5. For his requested relief, the plaintiff claims that he is entitled to "$14,000,000.00 punitive commercial injury/religious injury denial of religious freedom, religious freedom

3

protection act (denied) (RFPA), Due Process denial, (SPC) Noble El' Queen Free Man Be.  I prefer gold [&] silver.  W/P UCC 1-308. A.B. 3-402[,] 1-103.5.6. (<u>Exodus</u> 20:3 See Sirach 17:17 33:19-23)." *Id.*

## II.   DISCUSSION

Regarding motions to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).  Generally, when addressing motions to proceed *in forma pauperis* under Section 1915, district courts undertake a two-step analysis:  "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a).  Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).[5]  An exception to the aforementioned analysis occurs when it appears that a prisoner plaintiff has brought an action in violation of 28 U.S.C. § 1915(g).

In this regard, the Prison Litigation Reform Act ("PLRA") amended the *in forma pauperis* statute in 1996 as it applies to prisoners.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (discussing Congress's rationale in enacting the PLRA and the

---

[5] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-135, 110 Stat. 1321 (1996)).  The portion of Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i).  *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

4

PLRA's amendments to *in forma pauperis* statute). Congress also added 28 U.S.C. § 1915(g) as part of the PLRA, and this section states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* A prisoner will accrue a "strike" under section 1915(g)

> if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). In addition, "dismissals for frivolousness prior to the passage of the PLRA are included among the three [strikes] that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury.'" *Keener v. Pennsylvania Bd. of Prob. & Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997).

At the time the plaintiff filed this civil action, he had already accumulated at least three "strikes" for purposes of section 1915(g). *See Cooper v. Detention Ctr.*, No. CIV. A. 93-2284 (E.D. Pa.) (June 23, 1993 Memorandum and Order dismissing amended complaint as frivolous, pursuant to former version of 28 U.S.C. § 1915(d), after case was transferred from the District of New Jersey); *Cooper v. Owner Burlington Cnty. Hosp.*, No. CIV. A. 92-2422 (D.N.J.) (January 3, 1994 Memorandum and Order dismissing four complaints, which were consolidated into one civil action, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)); *Cooper v. Hogan*, No. CIV A. 92-2410 (D.N.J.) (June 3, 1992 Memorandum and Order dismissing

complaint as frivolous under former version of 28 U.S.C. § 1915(d)).[6] Accordingly, the plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. 28 U.S.C. § 1915(g).

"Imminent dangers are those dangers which are about to occur at any moment or are impending." *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013) (internal quotations omitted), *abrogated in part on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). In assessing whether a complaint satisfies the imminent danger exception, the court need not credit "fantastic or delusional" allegations that "rise to the level of 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Furthermore, "vague, generalized, and unsupported claims" are insufficient to establish that a plaintiff is in imminent danger. *Brown v. City of Phila.*, 331 F. App'x 898, 900 (3d Cir. 2009) (per curiam); *see also Ball*, 726 F.3d at 468 (describing type of claims that are insufficient to establish that a plaintiff is in imminent danger).

Unfortunately, the manner in which the plaintiff pleads his complaint renders it difficult to understand the precise nature of his claims. Nonetheless, as best as the court can discern, the complaint is premised on irrational and nonsensical allegations concerning the plaintiff's

---

[6] The plaintiff filed several actions in the District of New Jersey in 1992 in which he sought leave to proceed *in forma pauperis*. Although his *in forma pauperis* declarations indicated that he was incarcerated at the Burlington County Jail, he also provided the court with a street address in Philadelphia. A review of the case files confirms that the plaintiff was incarcerated at the Burlington County Jail in connection with criminal charges from April 6, 1992, through June 18, 1992, at a minimum. *See Cooper v. Glouster Cnty. Times*, No. CIV A. 92-3923 (D.N.J.) (*in forma pauperis* declaration filed by the plaintiff includes a certification from an officer of the Burlington County Jail dated April 6, 1992); *Cooper v. Hogan*, No. CIV A. 92-3922 (D.N.J.) (*in forma pauperis* declaration filed by the plaintiff includes a certification from an officer of the Burlington County Jail dated June 18, 1992); *Cooper v. Hogan*, No. CIV A. 92-2410 (D.N.J.) (*in forma pauperis* declaration filed by the plaintiff includes a certification from an officer of the Burlington County Jail dated May 8, 1992). Accordingly, the plaintiff was a prisoner subject to the PLRA with respect to cases he filed during that time frame. *See* 28 U.S.C. § 1915(h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pre-trial release, or diversionary program"). In addition to the cases cited above, it appears that the plaintiff filed another complaint, which was dated May 8, 1992, and docketed on July 8, 1992, which likely constitutes a strike. *See Cooper v. Owner*, No. CIV A. 92-2921 (D.N.J.) (July 8, 1992 Memorandum and Order dismissing complaint as frivolous pursuant to former version of 28 U.S.C. § 1915(d)).

prosecution and imprisonment in Philadelphia and his misguided notations of sovereignty. Nothing stated in the complaint provides a basis for concluding that the plaintiff was in imminent danger at the time he filed this civil action. Accordingly, the court will deny the motion to proceed *in forma pauperis*.

    A separate order follows.

                       BY THE COURT:

                       /s/ *Edward G. Smith*
                       EDWARD G. SMITH, J.